IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WILLIAM L. HOLT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-22 |
| | ) | |
| ERIK K. SHINSEKI, SECRETARY, | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| Defendant. | ) | |

AMENDED REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the partial motion to dismiss filed on behalf of the defendant (ECF No. 11) be granted.

II. Report

Plaintiff, William L. Holt, brings this action alleging two claims of discrimination against his former employer, Defendant Erik K. Shinseki, Secretary of the Department of Veterans Affairs (the Secretary). Plaintiff alleges disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791- 797(b) and sexual orientation discrimination in violation of Pittsburgh Code Title 6, Article 5, Chapters 651-659.

Presently pending before the Court is a partial motion to dismiss, filed by Defendant. In the motion and brief, the Secretary argued that the sexual orientation discrimination claim alleged in Count II of the Amended Complaint should be dismissed on the grounds that Title VII of the Civil Rights Act of 1964, which provides the exclusive remedy for federal sector discrimination claims, does not cover claims of sexual orientation discrimination and Plaintiff cannot circumvent the law by invoking ancillary jurisdiction to entertain this claim. Plaintiff responded that the claim could be maintained under the Court's supplemental jurisdiction. On

September 20, 2013, a Report and Recommendation ("R&R") was filed (ECF No. 14), recommending that the motion be denied. On September 26, 2013, Defendant filed objections (ECF No. 15) to the R&R, in which the Secretary argued that the federal government has not waived its sovereign immunity from claim brought under state or local law. Unlike the previous argument, this one is availing. For the reasons that follow, the motion should be granted.

Facts

Plaintiff indicates that he is a male, African-American citizen of the United States and the Commonwealth of Pennsylvania whose sexual orientation is same sex (male) orientation sometimes known as gay sexual orientation. (Am. Compl. ¶ 4.)[1] He also indicates that he has a disability, namely bi-polar disorder, and other medical conditions. (Am. Compl. ¶ 9.) He alleges that Defendant subjected him to disparate treatment discrimination, hostile work environment discrimination and harassment and termination due to his disability and sexual orientation. (Am. Compl. ¶¶ 6, 9, 16.) Although no further facts are provided in support of Plaintiff's allegations, Defendant notes that Plaintiff filed an EEO Complaint on July 19, 2011 in which he asserted that he had been terminated on May 13, 2011 from his job as a food service worker with the Veterans Administration at its University Drive location in Pittsburgh. (ECF No. 12 at 2 & Ex. 1.)

Procedural History

On January 4, 2013, Plaintiff filed a complaint (ECF No. 1). Count I alleged claims of retaliation, gender and race discrimination in violation of Title VII. Count II alleged a claim of disability discrimination under the Rehabilitation Act. Count III alleged a claim of gender orientation discrimination in violation of the Pittsburgh Code. On July 26, 2013, Defendant filed a partial motion to dismiss (ECF No. 4), seeking the dismissal of Counts I and III. On August

---

[1] ECF No. 7.

2

19, 2013, Plaintiff filed two documents: a response to the partial motion to dismiss (ECF No. 8) in which he conceded to the dismissal of Count I but argued against the dismissal of Count III; and an Amended Complaint (ECF No. 7) which removed Count I and renumbered Count III as Count II. Then on August 21, 2013, Defendant filed a reply brief (ECF No. 9), in which he continued to press for the dismissal of the claim in Count III of the (original) complaint. On August 22, 2013, an order was entered dismissing the motion to dismiss and directing Defendant to respond to the Amended Complaint by September 4, 2013.

On August 22, 2013, Defendant filed a partial motion to dismiss the Amended Complaint (ECF No. 11), to which Plaintiff filed a brief in opposition on September 6, 2013 (ECF No. 13). As noted above, Defendant continued to seek dismissal of the sexual orientation discrimination claim alleged under the Pittsburgh Code on the grounds that it could not be asserted under Title VII and that Plaintiff was attempting to circumvent the law by invoking ancillary jurisdiction. Plaintiff responded that the Court could exercise supplemental jurisdiction over this claim.

On September 20, 2013, an R&R was filed, recommending that the partial motion to dismiss be denied because supplemental jurisdiction could be exercised over Plaintiff's claim asserted under the Pittsburgh Code. On September 26, 2013, Defendant filed objections to the R&R (ECF No. 15), in which the Secretary presented a new argument, namely that sovereign immunity bars the sexual orientation discrimination claim based upon the Pittsburgh Code.[2]

Several courts of appeals have held that "an unsuccessful party is not entitled as of right to de novo review by the [district] judge of an argument never seasonably raised before the magistrate [judge]." Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988). See also Madol v. Dan Nelson Auto Group, 372 F.3d 997, 1000

---

[2] Defendant also argues that Title VII preempts any other federal, state or local laws to support a claim of discrimination in the federal workplace. The Court need not reach this issue.

(8th Cir. 2004); Walker v. Stinson, 205 F.3d 1327 (2d Cir. 2000); Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cupit v. Whitley, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). But see United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) (district court must consider all arguments, regardless of whether they were raised before the magistrate judge). Other courts have held that the district court has discretion to consider arguments raised for the first time. See Williams v. McNeil, 557 F.3d 1287, 1292 (1th Cir. 2009); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000).

However, as indicated below, the issue of sovereign immunity is jurisdictional in nature and jurisdictional issues may be raised by any party, or even by the court, at any time. Fed.R.Civ.P. 12(h)(3). Indeed, "federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte." Liberty Mut. Ins. Co. v. Ward Trucking Co., 48 F.3d 742, 750 (3d Cir. 1995). Therefore, the Court can address the sovereign immunity argument raised in Defendant's objections.

Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). The government consents to be sued only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in statutory text. United States v. Nordic Village, Inc., 503 U.S. 30, 37 (1992). "Sovereign immunity is jurisdictional in nature." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Immunity extends to federal agencies, including the Department of Veterans Affairs. See Chandler v. Roudebush, 425 U.S. 840 (1976).

Title VII waives sovereign immunity for claims brought by federal employees. 42 U.S.C. § 2000e-16. Brown v. General Servs. Administration, 425 U.S. 820 (1976). The waiver of

4

sovereign immunity is a limited one. Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990). The parties agree that Title VII does not extend to claims of sexual orientation discrimination. See Prowel v. Wise Bus. Forms, Inc., 579 F.3d 285, 290 (3d Cir. 2009); Bibby v. Philadelphia Coca Cola Bottling Co., 260 F.3d 257, 260-61 (3d Cir. 2001).[3] Similarly, section 501of the Rehabilitation Act, which provides a cause of action for federal employees' claims of employment discrimination based on their disabilities, 29 U.S.C. §§ 791(b), 794a(a)(1), waives sovereign immunity for such claims. Lane v. Pena, 518 U.S. 187 (1996). But the Rehabilitation Act does not cover claims of sexual orientation discrimination.

However, the United States has not waived its sovereign immunity with respect to state law claims of discrimination. See Sager v. McHugh, 2013 WL 1814902, at *8 (W.D. Wash. Apr. 29, 2013) (no waiver with respect to claims brought under Washington Law Against Discrimination); Leitch v. MVM, Inc., 2004 WL 1638132, at *7 (E.D. Pa. July 22, 2004) (no waiver with respect to state anti-discrimination claims such as the Pennsylvania Human Relations Act and the New Jersey Law Against Discrimination). Nor is there any authority to support the claim that the United States has waived its sovereign immunity with respect to local laws such as the Pittsburgh Code.

In addition, section 1367, which provides for supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), "does not operate as a waiver of the United States['] sovereign immunity." Wilkerson

---

[3] Plaintiff was apparently notified that, although Executive Order 11478 prohibits federal agencies from discriminating on the basis of sexual orientation, such claims are processed only at the informal stage and that a formal complaint alleging such a claim would not be accepted by the Department of Veterans Affairs, is not within the jurisdiction of the EEOC and cannot be raised in federal court. He signed a notice acknowledging this information on June 2, 2011 (ECF No. 12 Ex. 3).

v. United States, 67 F.3d 112, 119 n.13 (5th Cir. 1995). See also San Juan County, Utah v. United States, 503 F.3d 1163, 1181 (10th Cir. 2007) (en banc); Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1088 n.3 (9th Cir. 2007); United States v. Certain Land Situated in Detroit, 361 F.3d 305, 307 (6th Cir. 2004); Boritz v. United States, 685 F. Supp. 2d 113, 122 n.4 (D.D.C. 2010); Phillips v. Potter, 2009 WL 2132420, at *1 (W.D. Pa. July 13, 2009) (Ambrose, J.). Therefore, although § 1367 would provide for supplemental jurisdiction over a plaintiff's state law or local code claim for sexual orientation discrimination against a private party defendant, the statute cannot be used to abrogate the United States' sovereign immunity.

For these reasons, it is recommended that the partial motion to dismiss submitted on behalf of Defendant be granted.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by October 15, 2013. Any party opposing the objections shall file a response by October 29, 2013. Failure to file timely objections will waive the right of appeal.

Respectfully submitted,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: September 30, 2013